FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 9 2005

GREGORY C. LANGHAM
CLERK

# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

UNITED STATES OF AMERICA

**JUDGMENT IN A CRIMINAL CASE**

v.

DAVID WOMELY

Case Number:  04-CR-463-12-MK

USM Number:  33129-013

Mark Rubinstein, Appointed
(Defendant's Attorney)

**THE DEFENDANT:** Pleaded guilty to count 1 of the Information.

The defendant is adjudicated guilty of this offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1012 | Making a False Report or Statement to the Department of Housing and Urban Development | 08/17/00 | 1 |

    The defendant is sentenced as provided in pages 2 through 6 of this judgment in accordance with the findings and conclusions made in open court, a transcript of which is attached hereto and incorporated herein by this reference.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

    It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

November 2, 2005
Date of Imposition of Judgment

*Marcia S. Krieger*
Signature of Judge

Marcia S. Krieger, U.S. District Judge
Name & Title of Judge

11/7/05
Date

DEFENDANT: DAVID WOMELY
CASE NUMBER:  04-CR-463-12-MK

## PROBATION

The defendant is hereby placed on probation for a term of three (3) years.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page. (set forth below).

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

DEFENDANT:  DAVID WOMELY
CASE NUMBER:  04-CR-463-12-MK

12)    The defendant shall not enter into any agreement to act as an informer or a special agent of a
       law enforcement agency without the permission of the court.

13)    As directed by the probation officer, the defendant shall notify third parties of risks that may be
       occasioned by the defendant's criminal record or personal history or characteristics, and shall
       permit the probation officer to make such notifications and to confirm the defendant's
       compliance with such notification requirement.

14)    The defendant shall provide the probation officer with access to any requested financial
       information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1)     The defendant shall participate in a program of testing and treatment for drug abuse, as
       directed by the probation officer, until he is released from the program by the probation officer.
       The defendant shall abstain from the use of alcohol or other intoxicants during the course of
       treatment and shall pay the cost of treatment as directed by the probation officer.

2)     The defendant shall be placed on home detention for a period of two (2) months, to commence
       within 21 days of sentencing.  During this period, he shall remain at his place of residence at all
       times other than time spent at work or time spent on other activities approved in advance by the
       probation officer.  This period of home detention shall be enforced by electronic monitoring.  To
       permit this monitoring, the defendant shall maintain a telephone at his place of residence
       without any special services, modems, answering machines, or cordless telephones.  He  shall
       wear electronic monitoring devices and follow all other procedures specified by the probation
       officer.  The defendant shall pay the cost of electronic monitoring as directed by the probation
       officer.

DEFENDANT: DAVID WOMELY
CASE NUMBER: 04-CR-463-12-MK

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|-------|-----------|------|-------------|
| 1 | $25.00 | $250.00 | $0.00 |
| **TOTALS** | $25.00 | $250.00 | $0.00 |

Interest on the fine will be waived, upon the court's finding that the defendant does not have the ability to pay interest.

DEFENDANT:  DAVID WOMELY
CASE NUMBER:  04-CR-463-12-MK

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The special assessment and fine shall be paid in full immediately.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment, (2) fine principal.

DEFENDANT: DAVID WOMELY
CASE NUMBER: 04-CR-463-12-MK

# STATEMENT OF REASONS

**The court adopts the presentence report and advisory applications without change.**

Pursuant to the United States Supreme Court ruling in the *United States v. Booker* and *United States v. Fanfan*, the United States Sentencing Commission Guidelines have become advisory. The Court, while not bound to apply the Guidelines, has consulted the advisory guidelines and taken them into account with the sentencing factors identified at 18 U.S.C. § 3553(a).

## ADVISORY GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):

Total Offense Level: 4

Criminal History Category: IV

Imprisonment Range: 2 to 8 months

Supervised Release Term: 1 year

Fine Range: $250    to   $5,000

**The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart.**

## RESTITUTION DETERMINATIONS

Total Amount of Restitution: None.

1          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF COLORADO
2
   Criminal Action No. 04-CR-463
3
   UNITED STATES OF AMERICA,
4
        Plaintiff,
5
   vs.
6
   DAVID WOMELY,
7
        Defendant.
8

9  _____

           **REPORTER'S TRANSCRIPT**
10            (Sentencing Hearing:  Order)

11 _____

12         Proceedings before the HONORABLE MARCIA S. KRIEGER,

13 Judge, United States District Court for the District of

14 Colorado,  occurring at 10:15 a.m., on the 2d day of November,

15 2005, in Courtroom A901, United States Courthouse, Denver,

16 Colorado.

17                      **APPEARANCES**

18       PATRICIA DAVIES, Assistant U.S. Attorney, 1225 17th

19 Street, Suite 700, Denver, Colorado, 80202, appearing for the

20 plaintiff.

21       MARK RUBINSTEIN, Attorney at Law, PMB 192, 191

22 University Boulevard, Denver, Colorado, 80206, appearing for

23 the defendant.

24 Proceeding Recorded by Mechanical Stenography, Transcription
     Produced via Computer by Paul Zuckerman, 901 19th Street,
25      Room A259, Denver, Colorado, 80294, (303) 629-9285

1      (The following proceedings were had and entered of record

2   after the Court heard the arguments of counsel and statement of

3   defendant:)

4      THE COURT:  I'll announce the sentence I intend to

5   impose.  Of course, Counsel, you'll have an opportunity to make

6   further argument if you choose to before judgment is entered.

7      As we all know, in January, the sentencing landscape

8   in federal cases changed with the issuance of the *Booker* and

9   *Fanfan* decisions.  Now the Sentencing Guidelines, known as the

10   Federal Sentencing Guidelines, are advisory, not mandatory.

11   They are one factor that the Court considers of the factors

12   enunciated in 18 U.S.C. Section 3553(a).  Under that statute,

13   the Court is required to impose a sentence that is sufficient

14   but not greater than necessary to reflect the seriousness of

15   the offense, to promote respect for the law, to provide just

16   punishment, to adequately deter criminal conduct, to protect

17   the public from further crimes by the defendant, and to provide

18   the defendant with needed educational or vocational training,

19   medical care, or other correctional treatment in the most

20   effective manner.

21      In fashioning a sentence to meet those objectives, the

22   Court considers a number of factors: the nature and

23   circumstances of the offense, the history and characteristics

24   of the defendant, the kinds of sentences available, what

25   Sentencing Guidelines would require, the need to avoid

1    unwarranted sentence disparities among defendants with similar

2    records found guilty of similar conduct, and in the appropriate

3    case, the need for restitution.

4         Here the presentence investigation report provides

5    substantial information with regard to those factors.   The

6    parties have not disputed its contents.   Therefore, the Court

7    treats the contents of the presentence investigation report as

8    true and bases its findings and conclusions thereon.

9         I have one question with regard to the presentence

10   investigation report, however; and that is that the

11   recommendation of the probation department is a three-year

12   probationary term with two months of home confinement.   Let me

13   ask defense counsel:   I understand from Mr. Womely that he now

14   has obtained his commercial driver's license.   Is he driving

15   cross-country and can he adhere to the home confinement portion

16   if the Court imposes that judgment?

17        THE DEFENDANT:   No.   I'm not driving cross-country

18   right now.   The state parole wouldn't allow it.

19        THE COURT:   Okay.   Thank you.

20        The parties also agree as to the calculation of the

21   sentence under the Federal Sentencing Guidelines.   Here, the

22   base offense level is 6.   There is a two-point reduction for

23   acceptance of responsibility.   That results in a total offense

24   level of 4.  Unfortunately the defendant, however, has a fairly

25   extensive criminal history which puts him in Criminal History

1   Category IV.

2          With a total offense level of 4 and a criminal history

3   category of IV, the guidelines provide for a custody term of

4   two to eight months, a supervised release term of one year

5   optional, and a probationary term of no more than three years,

6   a fine range of 250 to $5,000, and mandatory special assessment

7   of $25.

8          The Court has considered all of the factors under

9   3553(a) and the statements that have been made in the courtroom

10  as well as the information in the presentence investigation

11  report and the plea agreement and intends to adopt the

12  recommendation made by the probation department here.

13         The Court intends to impose a sentence that places

14  Mr. Womely on probation for a term of three years with a two-

15  month home confinement period.  The probationary term will be

16  subject to the standard conditions that have been adopted by

17  this court, restriction on use of controlled substances and

18  testing and the following special conditions: that he

19  participate in a program of testing and treatment for drug

20  abuse until he's released from the program by the probation

21  officer; that he abstain from the use of alcohol or other

22  intoxicants during the course of his treatment, and the home

23  detention period of two months to commence within 21 days.

24  During this time, he'll remain at his place of residence at all

25  times other than the time he spends at work or on other

1    activities approved in advance by the probation officer.   The

2    period of home detention will be enforced by electronic

3    monitoring.

4         The defendant will maintain a telephone at his

5    residence without any special services, modems, answering

6    machines, or cordless telephones in order to facilitate this

7    and will wear an electronic monitoring device and follow all

8    other procedures as directed by the probation officer for

9    monitoring.

10         Defendant will also pay the cost of monitoring as

11    directed by the probation officer.

12         I intend to impose a fine of $250 here, finding that

13    the defendant has the ability to pay that sum.   And there is

14    mandatory assessment of $25.   Having assessed the defendant's

15    ability to pay, I intend to order that the monetary obligations

16    be paid immediately.

17         Any need for further argument?

18         MS. DAVIES:   Not from the Government.   Thank you.

19         MR. RUBENSTEIN:   No, thank you, your Honor.

20         THE COURT:   Then pursuant to the Court's prior

21    findings and the Sentencing Reform Act of 1984, it is the

22    judgment of the Court that the defendant, David Womely, is

23    placed on probation for a term of three years with a two-month

24    period of home confinement to commence within 21 days of

25    sentencing.   While on probation, he will not commit another

1    federal, state, or local crime, shall not possess a firearm as

2    defined in 18 U.S.C. Section 921, and will comply with the

3    standard conditions that have been adopted by this court.   He

4    will not unlawfully possess a controlled substance.   He will

5    refrain from any unlawful use of a controlled substance.   He

6    will submit to one drug test within 15 days of placement on

7    probation and at least two periodic tests thereafter.

8         In addition, he will participate in a program of

9    testing and treatment for drug abuse as directed by the

10   probation officer until such time as he is released from the

11   program by the probation officer.   He will abstain from the use

12   of alcohol or other intoxicants during the course of treatment

13   and shall pay for the cost of treatment as directed by the

14   probation officer.

15        He will be placed on home detention for a period of

16   two months to commence within 21 days of sentencing.   During

17   this period, he'll remain at his residence at all times other

18   than the time spent at work or at activities previously

19   approved by the probation officer.

20        The period of home detention will be enforced by

21   electronic monitoring, which requires the defendant to maintain

22   a telephone at his place of residence without special services,

23   modems, answering machines or cordless telephones.   He will

24   wear an electronic monitoring device and follow all other

25   procedures specified by the probation officer and will pay for

1    the cost of electronic monitoring as directed by the probation

2    officer.

3          The Court imposes a special assessment of $25 and a

4    fine of $250. Both monetary obligations shall be paid

5    immediately.

6          Mr. Womely, you're advised of your right to appeal

7    this sentence. If you desire to appeal, a notice of appeal

8    must be filed with the clerk of this court within ten days

9    after entry of judgment or you lose your right to appeal.

10   Ordinarily, your attorney would file that notice of appeal for

11   you; but if he's unable to or unwilling to and you request, I

12   will direct the Clerk of the Court to file a notice of appeal

13   on your behalf.

14         Is there any further business to bring before the

15   Court?

16         MS. DAVIES:  No, your Honor.

17         MR. RUBENSTEIN:  No, thank you, your Honor.

18         THE COURT:  The Court discharges the bond upon entry

19   of judgment. I believe that concludes all matters with regard

20   to Mr. Womely and we will stand in brief recess till the next

21   matter.

22       (Recess at 10:24 a.m.)

23                    *   *   *   *   *

24

25

1        **REPORTER'S CERTIFICATE**

2        I certify that the foregoing is a correct transcript from

3   the record of proceedings in the above-entitled matter.   Dated

4   at Denver, Colorado, this 2d day of November, 2005.

5

6                                     _____
                                            Paul A. Zuckerman
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# UNITED STATES DISTRICT COURT
## OFFICE OF THE CLERK
### DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Case No. 04-CR-463-12-MK                                    November 9, 2005

Copies of this Judgment and Commitment order were served by hand delivery or by United States mail, postage prepaid, addressed to the persons listed below.

U.S. Marshal (hand delivered)
(3 certified copies, 1 non-certified)

Linda A. McMahan (hand-delivered)
Assistant U.S. Attorney

U.S. Probation (hand delivered)
(2 certified copies, 1 non-certified)

Mark S. Rubinstein, P.C.
PMB 192 - 191 University Blvd.
Denver, Co   80206

Financial Litigation Unit (hand delivered)
U.S. Attorney's Office

Carol Henderson (hand delivered)
Financial Deputy

Judge Marcia S. Krieger (hand delivered)

GREGORY C. LANGHAM, CLERK

By: _____
Pat P., Deputy Clerk